REARDON LAUNDRY COMPANY, appellant,

*v.*

DANIEL E. REARDON, respondent.

[Decided January 19th, 1925.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion:

"The complainant is a corporation of this state. Ohnmeiss, father and son, after having secured the stock held by the former partner, purchased of Reardon in November, 1923, all the stock held by him in the company. The corporation is now exclusively under the control of the Ohnmeiss family.

"The defendant and one John W. Risley as partners, were, prior to the incorporation, conducting a laundry business, which business, together with its good-will, &c., was conveyed to the company. This conveyance was the consideration for which the shares of stock were issued to the partners.

"At the time of the purchase of the stock from Reardon there was some discussion of a change of the name of the company. The witnesses for the complainant, while admitting that this question did arise, insist that no agreement was consummated that a change should be effected.

"The defendant swears that it was agreed by Ohnmeiss that the change would be made, but that they declined to fix a date for such change, and he, relying upon their statements, concluded the purchase without having this clause included in the agreement.

"The defendant has since the sale entered into the laundry business in Atlantic City, where the business of the complainant is also situate. He uses the business name 'Daniel E. Reardon's Laundry.' He also has on his truck in con-

spicuous letters the words 'Not connected with Reardon Laundry Company.'

"It is clear that there has been no attempt on the part of Reardon to deceive the public, but it is just as apparent that since Reardon has resumed business some of the patrons of the complainant company have ceased doing business with it, and resumed business relations with Reardon.

"In the sale of the original business with its good-will, &c., there was no agreement by either of the parties that they were not to engage in the laundry business. Nor was there any such agreement at the time of the sale of the stock to Ohnmeiss. There is in this case no claim that the defendant has specially solicited the trade of those who were customers of the partnership business, although some have come to him, and he is justified in serving those who do come of their own motion.

"Should he (Reardon) specially solicit customers of the former partnership, he might be restrained. *Hilton* v. *Hilton, 89 N. J. Eq. 182.*

"It would not necessarily follow, however, that he could be restrained from specially soliciting customers of the *complainant corporation,* and no opinion is now expressed upon that question.

" 'The right of a man to use his own name in his own business is part of the natural and inalienable rights guaranteed by our constitution, without which the right to acquire, possess and protect property would be of little worth. Even in a case of unfair competition, the courts go no further than to restrain the use of a name except when so marked as to distinguish it from a competitor, and this exception amounts to allowing the wrong-doer to continue the use of his own name when it is so marked.' *Hilton* v. *Hilton, supra.*

"The sale by Reardon of his business conducted under that name, including its good-will, did not deny him the right to conduct a competing business in the absence of an express agreement on his part not to do so—it merely denied to him the right to specifically solicit the trade of the customers of

the business he sold.   Nor did such sale deny to Reardon the right to use his own name in a competing business, so long as his name was not used in a manner calculated to deceive the public, and in that manner gather the fruits of the business he had sold.   *Auto Hearse Manufacturing Co.* v. *Bateman,* *109 Atl. Rep. 735.*

"I will advise a decree dismissing the bill."

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Harcourt & Steelman,* for the respondent.

PER CURIAM.

The decree appeal from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   13.

*For reversal*—None.